IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESSICA ELAINE WOLFE, a/k/a James Elliot Wolfe </br></br> Plaintiff, </br></br> v </br></br> STEPHEN A. ZAPPALA, Jr., District Attorney Office of Allegheny County; JEFFREY MANNING, Judge, Court of Common Pleas of Allegheny County CATHERINE McVEY, Chairperson of the Pennsylvania Board of Probation and Parole; and JEFFREY BEARD, Secretary Pennsylvania Department of Corrections </br></br> Defendants | Civil Action No.09-315 </br> Judge David Stewart Cercone </br> Magistrate Judge Amy Reynolds Hay |

## REPORT AND RECOMMENDATION

RECOMMENDATION

    It is respectfully recommended that the plaintiff's application for leave to proceed in forma pauperis (Dkt. [1]) be denied.

REPORT

    Jessica Elaine Wolfe, previously known as James Elliot Wolfe, Jr., ("Plaintiff"), has been described in published opinions as "a transgender person serving prison time in Pennsylvania for rape" of, at that time, Plaintiff's then eight year old stepdaughter. Inmates of the Pennsylvania Dept. of Corrections v. Corbett, 484 F.Supp.2d 359, 360 (E.D.Pa. 2007). The Court also explained that Plaintiff's "legal name was changed from James Elliott Wolfe to

Jessica Elaine Wolfe[.]" Id., at n.1.[1]

Plaintiff is currently incarcerated at SCI-Graterford, which is located within the territorial limits of the United States District Court for the Eastern District. It appears that Plaintiff has been continuously incarcerated in the DOC since the time Plaintiff filed the in forma pauperis ("IFP") application[2] initiating the instant suit. In Plaintiff's civil rights complaint, Plaintiff sues District Attorney Zappala, the Honorable Jeffrey Manning, Chairperson Catherine McVey and Secretary Jeffrey Beard for alleged violations of Plaintiff's constitutional rights. The proposed complaint is not a model of clarity. However, it appears that the gravamen of the proposed complaint is Plaintiff's contention that the criminal proceedings were instituted against Plaintiff in the name of "James Wolfe," apparently, after Plaintiff had already legally changed Plaintiff's name. Hence, Plaintiff seeks to challenge the criminal conviction and sentence which Plaintiff is now serving as being improperly obtained. See, e.g., Dkt. [1-3] at 6, ¶ 21 ("The District Attorney was informed of Defendant/Petitioner's Legal Name Change and Capacity by an unauthorized

---

[1] See also the Pennsylvania Department of Corrections ("DOC") Inmate Locator Website at:

http://www.cor.state.pa.us/inmatelocatorweb/

which lists Plaintiff as a 45 year old male. DOC has also assigned to Plaintiff the DOC Inmate Identification Number DB0954, of which this Court takes judicial notice. The court knows from general experience with prison litigation that such inmate identification numbers are unique to a given prisoner, in other words, no two prisoners would have the same DOC inmate number.

[2] Plaintiff filed a document entitled "APPLICATION FOR CONTINUATION OF IN FORMA PAUPERIS STATUS," Dkt. [1], essentially seeking leave to proceed in forma pauperis in this court. It appears that Plaintiff asserts that because the Court of Common Pleas has granted Plaintiff in forma pauperis status in that Court, this Court should follow suit. We deem this an application to proceed in forma pauperis in this Court. We further note that just because one Court has granted a litigant leave to proceed in forma pauperis, it does not follow that another Court in a different jurisdiction, operating under a different pauper statute, must likewise do so.

2

defending Attorney. The Assistant District Attorney (ADA) proceeded with intent to Obstruct an Official Court Order, in that, that ADA threatened, intimidated and coerced the Defendant/Petitioner into entering an unauthorized Plea Agreement, and done [sic] so while the Defendant/Petitioner was temporarily incapacitated[.]"); id., at 7, ¶ 27 ("Defendant/Petitioner, states a claim that the Commonwealth of Pennsylvania has an established procedure of law for conducting Legal Name Changes, and neither a Police Officer, District Attorney, nor can a Criminal Division judge employ, conduct, nor proceed in matters of changing a person[']s name and identity, let alone to process, issue, file, prosecute and sentence the Defendant/Petitioner under the name of a fictitious person. The Criminal Division Court of Common Pleas never acquired a valid Complaint, Affidavit, Disposition, Corpus Delicti, nor any Evidence to establish Jurisdiction over the Defendant/Petitioner, let alone to prescribe an ILLEGAL SENTENCE, graded as a Felony three (3), with Felony one (1) time[.]").

Because Plaintiff has acquired at least three strikes, Plaintiff's IFP motion must be denied.

It is a plaintiff's burden to prove entitlement to IFP status. See White v. Gregory, 87 F.3d 429, 430 (10th Cir. 1996); New Assessment Program v. PNC Corp., NO. CIV.A. 95-6059, 1995 WL 592588, at *1 (E.D. Pa. Oct. 3, 1995); In re Lassina, 261 B.R. 614, 618 (E.D. Pa. 2001)("The applicant bears the burden of proving her entitlement to IFP relief by a preponderance of the evidence.").

The court takes judicial notice of court records and dockets of the Federal Courts located in the Commonwealth of Pennsylvania as well as those of the Court of Appeals for the Third Circuit. DiNicola v. DiPaolo, 945 F. Supp. 848, 854 n.2 (W.D. Pa. 1996) (court is entitled to

take judicial notice of public records). The computerized dockets of those courts reveal that Plaintiff has filed at least 11 cases in the federal District Courts located within Pennsylvania under the name of "Jessica E. Wolfe" or "Jessica Elaine Wolfe," and at least 4 actions in the Court of Appeals under those names. In addition, those dockets reveal at least one civil action brought in the name of "James E. Wolfe." Those dockets further reveal that as a result of Plaintiff's litigiousness, Plaintiff has accumulated at least "three strikes" within the contemplation of 28 U.S.C. § 1915(g),[3] which provides in relevant part that

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff is a "prisoner" within the meaning of 28 U.S.C. § 1915(g).[4] The three strikes that Plaintiff has accumulated are as follows. The first strike is James E. Wolfe v. Zwierzyna, No. 3:96-cv-2046 (M.D. Pa. Dkt. No. 8 dated 12/13/1996, wherein the docket indicates that "The pltf's complaint and motion for preliminary injunctive relief are dismissed, w/out prejudice, as moot pursuant to 28 USC 1915(e)(2)(B)(i)").[5] The second strike is Jessica E. Wolfe v.

---

[3] Abdul-Akbar v. McKelvie, 239 F.3d 307, 310 (3d Cir. 2001)(noting that 28 U.S.C. § 1915(g) is "popularly known as the 'three strikes' rule"), cert. denied, 533 U.S. 953 (2001).

[4] The term prisoner as used in Section 1915 means "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h)

[5] This civil action in the Middle District was a prisoner civil rights action and the DOC identification number for the plaintiff James E. Wolfe was listed on the docket as DB0954, the very same DOC identification number for Plaintiff. Dkt. [1-12] at 1.

Pennsylvania, No.2:98-cv-1132 (W.D. Pa. Dkt. [62], R&R dated 4/13/1999, recommending that the Defendants' Motions to Dismiss be granted and that the complaint be dismissed in its entirety and Dkt. [65] District Court order, dated May 10, 1999, adopting the report). The third strike is Jessica E. Wolfe v. Pennsylvania, No. 99-3392 (3d Cir. order of dismissal filed 12/17/1999 which "Dismissed [the appeal] under 28 U.S.C. Section 1915(e)(2)(B)").[6] Accordingly, because Plaintiff has at least three strikes[7] Plaintiff may not proceed IFP. Nor has Plaintiff alleged anything in the complaint that would merit the grant of IFP even in those cases of prisoners who have three strikes.

Moreover, Plaintiff's claims that denial of IFP status would violate Plaintiff's rights[8] are simply wrong. See, e.g., White v. State of Colo. 157 F.3d 1226, 1233 (10th Cir. 1998) wherein the Court noted that

> Several of our sister circuits already have rejected constitutional

---

[6] This appeal was from the civil action which we count as the second strike. There is no bar to counting the dismissal of a case in the District Court level as one strike and the dismissal of appeal as frivolous by the Circuit Court of Appeals from the District Court's disposition as a second strike. Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996) ("both the frivolous appeal and a lower court's dismissal as frivolous count" as strikes); Hains v. Washington, 131 F.3d 1248, 1250 (7th Cir. 1997)("A frivolous complaint (or as in this case a complaint that is dismissed under § 1915A for failure to state a claim) followed by a frivolous appeal leads to two 'strikes' under 28 U.S.C. § 1915(g)."); Jennings v. Natrona County Detention Center Medical Facility, 175 F.3d 775, 780 (10th Cir. 1999)("If we dismiss as frivolous the appeal of an action the district court dismissed under 28 U.S.C. § 1915(e)(2)(B), both dismissals count as strikes.").

[7] In fact, although not occurring before the filing of this suit, it appears that since the filing of this suit, Plaintiff may have acquired another strike. See, e.g., Curley et al. v. McVey, No. 1:07-cv-145 (W.D. Dkt. [35], R&R recommending grant of motion to dismiss as to all claims, and Dkt. [38], Memorandum Order, filed March 3, 2009, adopting R&R).

[8] Dkt. [1] at 2, ¶ 3 ("Affiant, avers that if Affiant was required to pay the fees of this Action, it would not only deprive Affiant of minimal necessities, it would violate Affiant's Constitutional rights, guaranteed and protected under U.S. Article I, Section 9, Clause 2; U.S. Article IV, Sections 1,2 and U.S. Article VI, Sections 1 and 3, in consort and in participation with the Fourteenth Amendment of the United States Constitution.").

> challenges to 28 U.S.C. § 1915(g). *See Wilson v. Yaklich*, 148 F.3d 596 (6th Cir. 1998) (rejecting equal protection, right of access, substantive due process, bill of attainder, and ex post facto challenges); *Rivera v. Allin*, 144 F.3d 719 (11th Cir. 1998) (rejecting right of access, separation of powers, due process, and equal protection challenges), *cert. dism'd* 1998 WL 480078 (S.Ct. Sep. 17, 1998) (No. 98-5572); *Carson v. Johnson*, 112 F.3d 818 (5th Cir.) (rejecting right of access, due process and equal protection challenges), *cert. denied*, 520 U.S. 1219, 117 S.Ct. 1711, 137 L.Ed.2d 835(1997). We now join those courts, and reject Mr. White's constitutional challenges to § 1915(g).

See also Abdul-Akbar v. McKelvie, 239 F.3d 307, 316 (3d Cir. 2001)(holding that "[t]he ability to proceed I.F.P. is not a constitutional right" in the face of a constitutional challenge to the three strikes provision of the PLRA). Nor does this Court find that any of the Constitutional provisions Plaintiff cited in the Affidavit of Poverty, which was quoted in footnote eight renders the three strikes provision unconstitutional. Indeed, most of the provisions cited by Plaintiff have no apparent applicability to the three strikes statute or this case, as for example Plaintiff's citation to Article I, Section 9, clause 2, which is the suspension of the writ of habeas corpus clause, or the citation to Article IV, Sections 1 and 2 that respectively address the full faith and credit accorded each state's official acts by other states and that the citizens of any state shall be entitled to the privileges and immunities of citizens in the several states, etc.

Because Plaintiff herein has failed to allege anything that would permit Plaintiff to proceed IFP, the IFP motion should be denied. If the District Court adopts this recommendation, Plaintiff, of course, may thereafter pay the entire filing fee of $350.00 and have the complaint filed.

CONCLUSION

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are permitted to file written objections and responses thereto in accordance

with the schedule established in the docket entry reflecting the filing of this Report and

Recommendation.  Failure to timely file objections may constitute waiver of any appellate rights.

/s/ *Amy Reynolds Hay*
United States Magistrate Judge

Dated:  6 April, 2009

cc: The Honorable David Stewart Cercone
United States District Judge

Jessica Elaine Wolfe

DB-0954
SCI Graterford
P.O. Box 244
Graterford, PA 19426-0244